JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM McKINNEY, | ) | NO. CV 08-08355 SJO (VBKx) |
|           Plaintiff, | )<br>) | **ORDER GRANTING IN PART, DENYING IN** |
| | ) | **PART PLAINTIFF WILLIAM McKINNEY'S** |
|         v. | ) | **MOTION FOR ORDER REMANDING CASE** |
| | ) | **TO STATE COURT AND FOR ATTORNEYS'** |
| ALCOA, INC., et al., | ) | **FEES OF $8,550.00 FROM DEFENDANTS** |
| | ) | [Docket No. 8] |
|           Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff William McKinney's ("McKinney") Motion for Order Remanding Case to State Court and for Attorneys' Fees of $8,550.00 from Defendants, filed December 23, 2008. Defendants Alcoa, Inc. ("Alcoa"), Alcoa Global Fasteners, Inc. ("Alcoa Global"), Alcoa Fastening Systems, Inc. ("Alcoa Fastening"), Joe Tauro ("Tauro"), and Jim Vitocruz ("Vitocruz") (collectively, "Defendants") filed an Opposition, to which McKinney replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 26, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, McKinney's Motion to Remand is GRANTED and Motion for Attorneys' Fees is DENIED.

I.    BACKGROUND

McKinney worked for Defendants from August 26, 1985 until he was terminated in 2008. (Compl. ¶ 8.) McKinney alleges that Defendants terminated him in retaliation for making

1  complaints to Defendants regarding "numerous safety concerns" about Defendants' "decisions

2  concerning worker safety that violated . . . fundamental public policies."  (Compl. ¶¶ 8, 11–12.)

3      On October 1, 2008, McKinney filed this lawsuit in the Superior Court for the County of Los

4  Angeles, bringing various California state law claims against Defendants.  (*See generally* Compl.)

5  McKinney's first cause of action for "wrongful termination of employment in violation of public

6  policy in retaliation for complaining of unsafe work place in violation of OSHA" against Alcoa, Alcoa

7  Global, and Alcoa Fastening contends that Alcoa, Alcoa Global, and Alcoa Fastening, in

8  terminating McKinney, violated a number of fundamental public policies, including "California

9  Labor Code section 1102.5, California Labor Code section 6311, and various provisions of the

10  California Occupational Safety and Health Act that encourage employees to communicate with

11  their employers and outside agencies about safety concerns on the job, without reprisal." (Compl.

12  ¶¶ 15–16.)  Similarly, McKinney's second cause of action for "wrongful termination of employment

13  in violation of public policy in retaliation for enforcing safety laws and internal procedures" against

14  Alcoa, Alcoa Global, and Alcoa Fastening alleges that because "a motivating factor in

15  [D]efendants' termination of his employment was his enforcement of California and federal OSHA

16  laws in the work place," specifically his "implementati[on of] OSHA's lock-out/tag-out procedure

17  for machines that are not operating safely," Defendants violated "a fundamental public policy of

18  the State of California . . . reflected in California Labor Code sections 1102.5 through 6300, *et*

19  *seq.*, which prohibit retaliation against any employee who enforces California or federal OSHA in

20  the workplace." (*See* Compl. ¶¶ 19–25.)  McKinney further alleges causes of action against all

21  Defendants under California state law for breach of implied-in-fact contract; intentional infliction

22  of emotional distress; negligent hiring, retention, and supervision; defamation; and compelled self-

23  defamation.  (*See* Compl. ¶¶ 26–48.)

24      On December 18, 2008, Defendants removed the action to this Court on the basis of

25  federal question jurisdiction, asserting that the case "arises under the laws of the United States

26  and/or raises substantial federal question(s) under federal law." (*See* Notice Removal Action

27  Defs. Alcoa, Inc., Alcoa Global Fasteners, Inc., Alcoa Fastening Systems, Inc., Joe Tauro & Jim

28

1   Vitocruz Pursuant to 28 U.S.C. § 1441 (Federal Question) ¶ 6.)  McKinney now moves to remand

2   the case to the Superior Court of the State of California for the County of Los Angeles and for

3   attorneys' fees and costs of $8,550.00 incurred as a result of the removal.  (*See* Pl. William

4   McKinney's Notice Mot. & Mot. Order Remanding Case State Court & Attorneys' Fees $8,550.00

5   Defs. ("Pl.'s Mot.") 2, 6.)

6   II.     DISCUSSION

7         A.     Motion to Remand

8         Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only

9   if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  The removal statute is

10   "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

11   Cir. 1992) (internal citations omitted).  "Federal jurisdiction must be rejected if there is any doubt

12   as to the right of removal . . . ." *Id.* (internal citation omitted).  "Th[is] 'strong presumption' against

13   removal jurisdiction means that the defendant always has the burden of establishing that removal

14   is proper." *Id.* (internal citations omitted).

15         28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising

16   under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises

17   under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates

18   the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a

19   substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr.*

20   *Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice*

21   *Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

22         1.     McKinney's Claims Do Not Necessarily Raise a Federal Issue.

23         Defendants oppose McKinney's Motion to Remand, arguing that McKinney's first and

24   second claim, both for wrongful termination in violation of public policy, "require an interpretation

25   of federal OSHA regulations." (Defs.' Opp'n Mot. Order Remanding Case State Court & Attorneys'

26   Fees $8,550.00 Defs ("Defs.' Opp'n") 1.)   Thus, Defendants contend that these wrongful

27   termination claims necessarily raise "a substantial federal question under OSHA . . . ."  (Defs.'

28

1  Opp'n 3–5.)  McKinney responds that the case does not require an interpretation of federal OSHA

2  provisions, as plaintiff has merely identified OSHA as one source, among other state sources, of

3  the public policy that Defendants violated in terminating his employment.  (Pl. William McKinney's

4  Reply Defs.' Opp'n Mot. Order Remanding Case State Court & Attorneys' Fees $8,500.00 Defs.

5  ("Pl.'s Reply") 1–2, 4.)

6          With regard to cases "arising under" federal law because plaintiff's right to relief under state

7  law requires resolution of a substantial question of federal law, or "embedded federal issue" cases,

8  the presence of a federal issue is not "a password opening federal courts to any state action

9  embracing a point of federal law."  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

10  545 U.S. 308, 314 (2005).  "[C]ountless claims can be said to depend in some way on federal

11  propositions, yet not all such cases 'arise under' federal law."  *Hunter v. United Van Lines*, 746

12  F.2d 635, 645 (9th Cir. 1985).  Rather, to qualify for federal question jurisdiction, a state law claim

13  must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal

14  forum may entertain without disturbing any congressionally approved balance of federal and state

15  judicial responsibilities."  *Grable*, 545 U.S. at 314.  "When a [state-law] claim can be supported by

16  alternative and independent theories—one of which is a state law theory and one of which is a

17  federal law theory—federal question jurisdiction does not attach because federal law is not a

18  necessary element of the claim."  *Glanton v. Harrah's Entm't, Inc., et al.*, No. 07-15425, 2008 WL

19  4726413, at *1 (9th Cir. 2008) (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342–43 (9th Cir.

20  1996)); *Rains*, 80 F.3d at 346.

21          Here, McKinney's wrongful termination claims under California state law do not qualify for

22  federal question jurisdiction because they do not "necessarily" raise a federal issue.  *See Grable*,

23  545 U.S. at 314.  Under California law, in order to prevail on a claim for wrongful termination in

24  violation of public policy, which McKinney has alleged in his first and second claims, a plaintiff

25  must show that: (1) the plaintiff-employee performed an act supported by a "fundamental public

26  policy . . . that is delineated in constitutional or statutory provisions;" (2) the employer subjected

27  the plaintiff to an "adverse employment action;" and (3) a causal link exists between the plaintiff's

28

1 | act and the "adverse employment action."  *See Rains*, 80 F.3d at 343 (internal citation and

2 | quotations omitted); *Loggins v. Kaiser Permanente Int'l, et al.*, 60 Cal. Rptr. 3d 45, 51–52 (Cal. Ct.

3 | App. May 14, 2007) (internal citations omitted); *Carter v. Escondido Union High Sch. Dist.*, 56 Cal.

4 | Rptr. 3d 262, 264 (Cal. Ct. App. 2007); *Mathieu v. Norrell Corp., et al.*, No. B159471, 10 Cal. Rptr.

5 | 3d 52, 60 (Cal. Ct. App. 2004); Compl. ¶¶ 9–25.  Both of McKinney's wrongful termination claims

6 | reference state laws supplying the "fundamental public policy" allegedly violated, as the California

7 | Labor Code expressly prohibits an employer from retaliating against an employee for refusing to

8 | perform work that would violate state or federal safety standards.  *See* Cal. Lab. Code §§ 1102.5,

9 | 6311.  (*See* Compl. ¶¶ 15–16, 20.)  Specifically, McKinney's first cause of action for "wrongful

10 | termination of employment in violation of public policy in retaliation for complaining of unsafe work

11 | place in violation of OSHA" mentions only California laws, including "California Labor Code section

12 | 1102.5, California Labor Code section 6311, and various provisions of the California Occupational

13 | Safety and Health Act," to supply the violated fundamental public policies.  (Compl. ¶¶ 15–16.)

14 | Furthermore, although McKinney's second cause of action for "wrongful termination of

15 | employment in violation of public policy in retaliation for enforcing safety laws and internal

16 | procedures" references both California and federal OSHA laws, alleging that Defendants violated

17 | of "*a fundamental public policy of the State of California* . . . reflected in California Labor Code

18 | sections 1102.5 through 6300, *et seq.*, which prohibit retaliation against any employee who

19 | enforces California or federal OSHA in the workplace," the allegations make clear that the

20 | "fundamental public policy" McKinney intends to rely on is that of California state.  (*See* Compl.

21 | ¶ 20 (emphasis added).)  Even if McKinney also intends to reference federal public policy reflected

22 | in federal OSHA, California state law would nevertheless provide an "alternative and independent"

23 | public policy supporting McKinney's alleged behavior.  *See Glanton*, 2008 WL 4726413, at *1

24 | (citing *Rains*, 80 F.3d at 342–43); *Rains*, 80 F.3d at 346.  Therefore, federal OSHA is not a

25 | "necessary element" of either of McKinney's wrongful termination claims because California state

26 | law "independently espouses the same public policy established" in federal OSHA.  *See Rains*,

27 | 80 F.3d at 345.  Moreover, despite Defendants' emphasis on McKinney's allegation in his second

28 |

1  cause of action that his termination resulted from his enforcement of both "California and federal

2  OSHA laws," specifically his "implementati[on of] OSHA's lock-out/tag-out procedure for machines

3  that are not operating safely," McKinney's reference to federal OSHA law is insufficient to create

4  federal question jurisdiction because California's OSHA regulates "the same or similar conduct as

5  [its] federal counterpart[] and do[es] not depend on [its] federal counterpart[]." *See Glanton*, 2008

6  WL 4726413, at *2; Compl. ¶¶ 21–22.  McKinney may rely on his enforcement of the lock-out/tag-

7  out procedures of California OSHA.  *See* Cal. Code Regs. tit. 8, § 3314 (2009).  Thus, federal law

8  is not the sole means of establishing McKinney's wrongful termination claims, as McKinney's

9  alleged enforcement activity and the underlying fundamental public policy allegedly violated rely

10  on an "alternative and independent" state-law theory.   As such, McKinney's claims do not

11  "necessarily" raise a federal issue under federal OSHA and this Court does not have subject

12  matter jurisdiction over McKinney's claims on "embedded federal issue" grounds.  *See Grable &*

13  *Sons Metal Prods., Inc.*, 545 U.S. at 314; *Glanton*, 2008 WL 4726413, at *2; *Rains*, 80 F.3d at

14  345–46.

15  2.  The Artful Pleading Doctrine is Inapplicable.

16  Defendants further argue that the case should not be remanded because McKinney's

17  wrongful termination claims, although "carefully articulated" in state law terms, "constitute a federal

18  cause of action under OSHA." (Defs.' Opp'n 1, 3, 7–9.)  McKinney contests Defendants' attempts

19  to recharacterize these state law claims as federal claims, arguing that his claims were properly

20  pled under state law.  (*See* Pl.'s Reply 2–4.)

21  Under the well-pleaded complaint rule, federal courts generally have subject matter

22  jurisdiction pursuant to federal question jurisdiction only if a federal question appears on the face

23  of a plaintiff's complaint.  *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998)

24  (internal citations omitted).  The artful pleading doctrine, however, creates an exception to the well

25  pleaded-complaint rule and provides that "a plaintiff may not avoid federal jurisdiction by omitting

26  from the complaint federal law essential to [the plaintiff's] claim . . . or by casting in state law terms

27  a claim that can be made only under federal law." *Rains*, 80 F.3d at 344; *see Lippitt v. Raymond*

28

1    *James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted); *Brennan*,

2    134 F.3d at 1409.  As such, "the artful pleading doctrine allows courts to delve beyond the face

3    of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's

4    state-law claim as a federal claim."  *Lippitt*, 340 F.3d at 1041 (internal citations and quotations

5    omitted).  The Ninth Circuit has explained that courts "should invoke the doctrine only in limited

6    circumstances as it raises difficult issues of state and federal relationships and often yields

7    unsatisfactory results."  *Id.* (internal citations and quotations omitted).  The limited circumstances

8    in which the artful pleading doctrine apply include where a plaintiff's state law claim: (1) is

9    completely preempted by federal law; (2) is an "inherently federal claim;" or (3) is "dependant on

10    the resolution of a substantial, disputed federal question."  *See Lippitt*, 340 F.3d at 1041–42;

11    *Brennan*, 134 F.3d at 1409.

12        McKinney did not bring a complaint that was artfully pleaded to avoid federal jurisdiction.

13    Of the three circumstances in which the artful pleading doctrine is applicable, Defendants do not

14    argue that McKinney's state law claims are preeempted by federal law.  Rather, Defendants

15    contend that McKinney's claims for wrongful termination are "inherently federal" and depend "on

16    the resolution of a substantial, disputed federal question."  *See Lippitt*, 340 F.3d at 1041–42;

17    *Brennan*, 134 F.3d at 1409; Defs.' Opp'n 3–9.  For the reasons stated previously, McKinney's

18    wrongful termination claims do not depend on the resolution of a federal question pursuant to

19    federal OSHA.  *See supra* Part II.1.  As to Defendants' argument that the claims are "inherently

20    federal," constituting a federal cause of action under OSHA, Defendants' contention is erroneous.

21    (*See* Defs.' Opp'n 1, 3, 7–9.)  "OSHA does not provide a private cause of action" for violations of

22    OSHA or its implementing regulations.  *Glanton*, 2008 WL 4726413, at *2 (citing 29 U.S.C. §

23    653(b)(4); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994)); *see Crane*, 41 F.3d at 553.

24    Instead, "OSHA creates an intra-agency mechanism by which an alleged violation can be raised

25    by a private actor" to the Secretary who must investigate the allegation and if necessary, bring an

26    action in a federal district court.  *See Glanton*, 2008 WL 4726413, at *2 (citing 29 U.S.C. §§

27    657(f)(1), 660(c)); 29 U.S.C. § 660(c)(2).  Federal OSHA, however, makes clear that it is not to

28

1    impact an employee's "common law or statutory rights."  *See* 29 U.S.C. § 653(4).  Thus, the

2    federal law was not intended to affect McKinney's right to sue for wrongful termination of

3    employment under California state law.  Because McKinney could not bring a claim against

4    Defendants under federal OSHA, the Court cannot "recharacteriz[e] [McKinney] state-law claim

5    as a federal claim."  *Lippitt*, 340 F.3d at 1041 (internal citations and quotations omitted).  Thus,

6    McKinney properly pleaded his claims for wrongful termination of employment under California

7    state law.  "The artful pleading doctrine does not permit [D]efendants to achieve what they are

8    trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to

9    federal court."  *See Rains*, 80 F.3d at 344.

10       Accordingly, McKinney's Motion to Remand is GRANTED.

11       B.     <u>Request for Attorneys' Fees</u>

12       McKinney also requests $8,550.00 in attorneys' fees and costs associated with the removal

13    pursuant to 28 U.S.C. § 1447(c), arguing that Defendants' removal, based on arguments that are

14    "patently untenable," was not "objectively reasonable."  (*See* Pl.'s Mot. 2, 6; Pl.'s Reply 5.)

15    Defendants contend that McKinney is not entitled to an award of attorneys' fees because even if

16    the Court deems the removal to be improper, Defendants' position on removal was objectively

17    reasonable, as the case presents a unique situation in which state wrongful termination claims rely

18    on the interpretation of federal OSHA regulations.  (*See* Defs.' Opp'n 10–11.)

19       28 U.S.C. § 1447(c) provides that an order remanding a case to state court may require the

20    removing party to pay the other party's costs, including attorneys' fees, incurred as a result of the

21    removal. *See* 28 U.S.C. § 1447(c).  "[A]bsent unusual circumstances, attorney[s'] fees should not

22    be awarded when the removing party has an objectively reasonable basis for removal."  *Patel v.*

23    *Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *Martin v. Franklin Capital Corp.*, 546 U.S.

24    132, 136 (2005)).  "[R]emoval is not objectively unreasonable solely because the removing party's

25    arguments lack merit, or else attorney[s'] fees would always be awarded whenever remand is

26    granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

27

28

1    Here, the Court finds that Defendants' removal was not objectively unreasonable.  Given

2 that McKinney referenced federal OSHA in his wrongful termination claims, Defendants' argument

3 that McKinney's wrongful termination claims necessitated resolution of a federal issue under

4 federal OSHA was reasonable, though not meritorious.  (*See* Compl. ¶¶ 10, 20–22.)

5    Accordingly, McKinney's Requests for Attorneys' Fees is DENIED.

6 III.    RULING

7    For the foregoing reasons, McKinney's Motion to Remand is GRANTED and Motion for

8 Attorneys' Fees of $8,550.00 is DENIED.  This matter is hereby remanded to the Superior Court

9 of the State of California for the County of Los Angeles.

10

11    IT IS SO ORDERED.

12

13 February 5, 2009

14

15

16
                                                    S. JAMES OTERO
17                                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28